## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

David Dickerson and Pamela
Jones,

                    Plaintiffs,

v.

Cenlar FSB and the Federal Home
Loan Mortgage Corporation,

                    Defendants.

Case No. 4:14-cv-11359
Hon. Judith E. Levy
Mag. Judge David R. Grand

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [2]

This is a foreclosure-related case.  Pending is defendants Cenlar FSB and the Federal Home Loan Mortgage Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The Court grants the motion.

## I.      BACKGROUND

On December 14, 2002, Plaintiffs closed on a mortgage with Citizens First Mortgage, LLC.  That mortgage was later assigned to Cenlar FSB on April 13, 2012.

1

In March 2009, plaintiffs encountered difficulty making their mortgage payments. Plaintiffs contend that they applied for a loan modification with Cenlar FSB or its predecessor at least three times between March 2009 and October 2011, and were denied each time. A foreclosure sale was set for January 17, 2013, and plaintiffs indicate that they tried to obtain another loan modification, which Cenlar FSB again refused.

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") now holds the deed to the property. The twelve-month statutory redemption period afforded to the plaintiffs expired on January 17, 2014.

Plaintiffs filed suit in the Circuit Court for the County of St. Clair, a Michigan state court on February 26, 2014, which defendants removed to this Court on April 2, 2014. The suit seeks to set aside the foreclosure sale and brings claims for intentional infliction of emotional distress and violation of M.C.L. § 600.3205c, which governed mortgage loan modifications.

II.   STANDARD OF REVIEW

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir.2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III.   ANALYSIS

Defendants argue that each of plaintiffs' original claims fail on the merits.  In their reply to the motion to dismiss, plaintiffs argue for the first time that their foreclosure and statutory claims are in fact premised on an alleged violation of M.C.L. § 600.3205a(1), in that Cenlar FSB failed to provide proper notice of the foreclosure to plaintiffs.  The violation of M.C.L. § 600.3205a(1), plaintiffs argue, should trigger a set-aside of the foreclosure sale, which would then allow them to modify the loan under § 600.3205c.

3

Plaintiffs do not argue that their intentional infliction of emotional distress claim should survive the motion to dismiss. Accordingly, the Court dismisses that claim.

A. The Court Will Not Permit Plaintiffs to Refashion Their Claims

The first and third counts of plaintiffs' original complaint are effectively the same: that defendants violated M.C.L. § 600.3205c by failing to modify their mortgage, and so the foreclosure should be set aside. In their reply, plaintiffs premise their claims on a different section of the statute, M.C.L. 600.3205a, which requires that notice of a foreclosure be given to the mortgagor prior to instituting foreclosure proceedings. However, plaintiffs did not allege they were not notified of the foreclosure, and indeed, they engaged in lengthy – although unsuccessful – efforts to obtain a loan modification to avoid foreclosure. Moreover, plaintiffs did not challenge the procedural validity of the foreclosure proceedings until after the redemption period had expired. *See Steinberg v. Fed. Home Loan Mortg. Corp.*, 901 F.Supp.2d 945, 949 (E.D. Mich. 2012) (holding that "[w]ith the expiration of the redemption period, a former owner can no longer assert a claim with respect to the property.").

4

Plaintiffs did not request leave to file an amended complaint containing their new claims. However, the Court may "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court declines to do so here, where the proposed amendment is not supported by facts that could plausibly lead to the relief plaintiffs are seeking.

### B. Plaintiffs Have Failed To State Any Claim on Which Relief May Be Granted

Plaintiffs have two remaining claims: a setting aside of the foreclosure sale and violation of M.C.L. § 600.3205c via Cenlar FSB's failure to modify the loan. Although styled as two claims, plaintiffs in actuality have one claim (violation of section 3205c) and the relief desired for that claim (setting aside the foreclosure sale).

M.C.L. § 600.3205c established a mechanism through which a mortgagor could apply for a loan modification in the event of a potential foreclosure, and provided certain protections to mortgagors during the process. Chief among them was a provision stating:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure.

5

M.C.L. § 600.3205c(8).[1]

Michigan courts have established that this statute did not "create an independent cause of action to nullify a foreclosure sale after the expiration of the redemption period." *Tipton v. Flagstar Bank, FSB*, No. 305911, 2012 WL 4800169, at *1 (Mich. Ct. App. Oct. 9, 2012). Plaintiffs' remedy under 3205c would have been to convert the foreclosure proceeding to a judicial foreclosure, not to nullify the foreclosure altogether. Plaintiffs lost all "right, title, and interest in and to the property" at the expiration of the statutory redemption period. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942).

Plaintiffs have no cause of action to set aside the foreclosure claim. Accordingly, the Court dismisses the section 3205c claim.

IV.   CONCLUSION

Plaintiffs have failed to state a claim on which relief can be granted. Accordingly,

Defendants' motion to dismiss is GRANTED; and

---

[1] M.C.L. § 600.3205a – 600.3205d were repealed by Mich. Pub. Act 2012 No. 521, effective June 30, 2013. Michigan courts have yet to provide guidance on whether claims accruing before repeal survive if brought after repeal. Because the plaintiffs' claim fails on the merits, the Court need not reach whether section 3205c's repeal moots this claim.

6

Plaintiffs' complaint is DISMISSED.

IT IS SO ORDERED.

Dated: June 26, 2014                    s/Judith E. Levy
     Ann Arbor, Michigan            Hon. JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2014.


                              s/Felicia M. Moses
                              FELICIA M. MOSES
                              Case Manager

7